UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIENGKHONE SIKEO,<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, Acting Field Office Director of San Francisco Office of Detention and Removal; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States,<br><br>Respondents. | No.  1:25-cv-01505-KES-HBK (HC)<br><br>ORDER CLARIFYING PRELIMINARY INJUNCTION AND FINDING A SIGNIFICANT LIKELIHOOD OF REMOVAL IN THE REASONABLY FORESEEABLE FUTURE<br><br>Docs. 13, 17, 24 |

The Court previously enjoined respondents from re-detaining petitioner Viengkhone Sikeo unless they demonstrated that there was a significant likelihood of petitioner's removal in the reasonably foreseeable future or that petitioner was a flight risk or danger to the community such that his physical custody was legally justified. *Viengkhone S. v. Albarran*, ___ F. Supp. 3d ___, No. 1:25-CV-01505-KES-HBK (HC), 2025 WL 3521302, at *10 (E.D. Cal. Dec. 8, 2025) (Doc. 13).  On February 11, 2026, petitioner filed an emergency motion requesting that this Court determine whether there is a significant likelihood of his removal in the reasonably foreseeable future.  Respondents joined in petitioner's request.  For the reasons explained below, the Court finds that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future, and respondents may re-detain him for that purpose.

1

## I.    BACKGROUND AND PROCEDURAL HISTORY[1]

Petitioner was born in a refugee camp in Thailand in 1983 and was admitted to the United States as a refugee when he was six years old.  Doc. 2 at ¶¶ 3, 31; *see* Doc. 10-1, Ex. 3.  In 2005, petitioner was ordered removed to Laos, detained by immigration authorities pending his removal, and then released when immigration authorities were unable to remove him.  Doc. 2 at ¶ 4.  Nearly twenty years later, in 2025, petitioner was detained and released by Immigration and Customs Enforcement ("ICE") on two separate occasions.  After his second release in 2025, the Court granted a preliminary injunction and ordered: "[r]espondents are enjoined and restrained from re-detaining petitioner unless a neutral decisionmaker determines that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future, or respondents demonstrate by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker that petitioner is a flight risk or danger to the community such that his physical custody is legally justified." *Viengkhone S.*, ___ F. Supp. 3d ___, 2025 WL 3521302, at *10.

On February 11, 2026, petitioner filed an emergency motion to clarify in part and modify in part the preliminary injunction.  Doc. 17.  Petitioner requests that the Court clarify that the "neutral decisionmaker" referred to in the Court's prior order is this Court and that the "pre-deprivation bond hearing" required by the Court's prior order must include an in-person hearing.  *See id.*  On February 19, 2026, respondents filed a response to petitioner's emergency motion and "join[ed] petitioner's request" that "the Court determine whether there is a significant likelihood that Petitioner will be removed from the United States in the reasonably foreseeable future."  Doc. 24.  Respondents argue that there is a significant likelihood of removal because they obtained a travel document from Laos that enables them to remove petitioner.  *Id.*  That travel document expires on March 8, 2026.  Doc. 24-1, Jager Decl. at ¶ 29.

Petitioner filed a reply on February 27, 2026.  Doc. 25.  Petitioner does not dispute that the travel document would enable respondents to remove him to Laos.  *See id.*  Instead, he argues that the travel document should be excluded because he speculates that the government must have

---

[1] The factual background is recounted more fully in the Court's prior order.  *See* Doc. 13.

provided incorrect information to the embassy of Laos when requesting the travel document. *See id.*

## II.    DISCUSSION

As the parties agree that this Court should determine whether respondents have established a significant likelihood of petitioner's removal in the reasonably foreseeable future, the Court has considered the evidence presented by the parties and will decide that issue. But to the extent petitioner argues that this Court's prior order requires an in-person hearing for such determination, petitioner is incorrect. There is no need for an in-person hearing. The parties do not dispute the relevant facts necessary to decide whether there is a significant likelihood of removal. Specifically, the parties do not dispute that petitioner has a final order of removal to Laos and that respondents have obtained a travel document which would enable them to remove petitioner to Laos.

### a.   Evidence of the Travel Document is not Excludable

Although the Fourth Amendment's exclusionary rule does not generally apply to immigration proceedings, *see I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1034 (1984), the Ninth Circuit has recognized "two critical exceptions to this rule." *Sanchez v. Sessions*, 904 F.3d 643, 649 (9th Cir. 2018). Only one exception is relevant here. Under this exception, "evidence may be excluded" from removal proceedings "for a regulatory violation as long as three conditions are satisfied: (1) the agency violated one of its regulations; (2) the subject regulation serves a 'purpose of benefit to the alien'; and (3) the violation 'prejudiced interests of the alien which were protected by the regulation.'" *Id.* at 650 (quoting *Matter of Garcia-Flores*, 17 I. & N. Dec. 325, 328 (BIA 1980)).

Petitioner argues that this exception should apply here, but he acknowledges that no court has addressed whether this exception should extend to a noncitizen's bond hearing. *See* Doc. 25 at 7 n.7. The Court need not decide that issue for purposes of this Order because, even assuming that this exception would extend to this proceeding, petitioner fails to identify any regulation that ICE violated in obtaining the travel document. Petitioner speculates that, in a letter dated 2005 from ICE to the embassy of Laos, ICE must have falsely stated that petitioner was born in Laos,

even though the letter states (albeit in a different font from the rest of the letter) that petitioner was born in Thailand.[2]  *See* Doc. 25 at 4–13; Doc. 25-3, Phinney Decl.  Petitioner further alleges that Laos would not have issued a travel document for petitioner if the government had truthfully informed Laos that petitioner was born in a refugee camp in Thailand.  *See* Doc. 25 at 4–13; Doc. 25-2, Ha Decl.  But while petitioner speculates about the information federal authorities presented to the government of Laos to obtain the travel document, he fails to establish any violation by federal authorities of any regulation or of any duty as to petitioner.[3]  And, importantly, petitioner does not dispute that the government of Laos has issued a valid travel document for him. Regardless of whatever intergovernmental discussions took place between federal authorities and the government of Laos, the outcome is that Laos has now issued a valid travel document for petitioner.  Petitioner has not made a shown that exclusion of that valid travel document is warranted.

> **b.  There is a Significant Likelihood of Petitioner's Removal in the Reasonably Foreseeable Future.**

Petitioner does not dispute that he was ordered removed to Laos and that respondents now have a travel document for petitioner that currently enables them to remove him to Laos.  *See* Doc. 25.  Petitioner concedes that a travel document is "the most dispositive evidence" that there is a significant likelihood of removal in the reasonably foreseeable future.  *Id.* at 4.  Petitioner does not present any reason to believe that the federal authorities will not be able to remove him to Laos pursuant to that travel document.  Accordingly, the Court finds that respondents have established by clear and convincing evidence that there is a significant likelihood of petitioner's

---

[2] The Court notes that the copy of that letter which is filed on the docket states that petitioner was born in "Thailand on October 1, 1983."  Doc. 24-1, Ex. 3.  Petitioner alleges, however, that the letter must have been doctored at some point to replace the words "Thailand on October 1, 1983" with "Laos on 10-1-1983."  *See* Doc. 25 at 4–13; Doc. 25-3, Phinney Decl.

[3] Petitioner cites to 8 C.F.R. § 241.4(g)(2).  *See* Doc. 25 at 5.  That regulation states: "The district director shall continue to undertake appropriate steps to secure travel documents for the alien both before and after the expiration of the removal period."  8 C.F.R. § 241.4(g)(2).  But § 241.4 generally outlines the circumstances under which ICE may detain and re-detain a noncitizen after the noncitizen has been ordered removed; it does not set out requirements regarding federal authorities' interactions with foreign governments.

removal in the reasonably foreseeable future.  Respondents may therefore re-detain petitioner to effectuate his removal.

**III.     CONCLUSION AND ORDER**

Accordingly,

1. Petitioner's emergency motion to modify in part and clarify in part the preliminary injunction, Doc. 17, is granted in part, insofar as it requested the Court to make the determination as to whether there is a significant likelihood of removal in the reasonably foreseeable future, and it is otherwise DENIED.

2. As respondents have established that there is a significant likelihood that they will be able to remove petitioner to Laos in the reasonably foreseeable future, respondents may re-detain petitioner for that purpose.

3. The parties shall file status reports within fourteen (14) days of the date of this Order.

IT IS SO ORDERED.

Dated:   March 3, 2026

_____
UNITED STATES DISTRICT JUDGE