UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIENGKHONE SIKEO,<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, Acting Field Office Director of San Francisco Office of Detention and Removal; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States,<br><br>Respondents. | No.  1:25-cv-01505-KES-HBK (HC)<br><br>ORDER DENYING MOTION FOR STAY PENDING APPEAL<br><br>Doc. 27 |

In an order dated December 8, 2025, the Court enjoined respondents from re-detaining petitioner unless they demonstrated at a pre-deprivation bond hearing that there was a significant likelihood of petitioner's removal in the reasonably foreseeable future or that petitioner was a flight risk or danger to the community such that his physical custody was legally justified. Subsequently, after the government obtained a new travel document for petitioner from the government of Laos, the parties both requested that the Court make the determination of whether there was a significant likelihood of removal in the reasonably foreseeable future.

In an order on March 3, 2026, the Court held that respondents had established by clear and convincing evidence that there was a significant likelihood of petitioner's removal in the reasonably foreseeable future, because petitioner had been ordered removed to Laos in 2005, that

1

removal order was final, and the government had now obtained a valid, current travel document that would enable it to remove petitioner to Laos.  Petitioner did not dispute those facts.  Petitioner instead moved to exclude evidence of the travel document based on his argument that ICE must have provided incorrect information to the embassy of Laos to obtain the travel document.  *See* Doc. 25 at 2–13.  The Court found petitioner's argument to be based on speculation.  *See* Doc. 26 at 3–4.  The Court also found that "while petitioner speculates about the information federal authorities presented to the government of Laos to obtain the travel document, he fails to establish any violation by federal authorities of any regulation or of any duty as to petitioner."  *Id.* at 4.  Nor did petitioner present any evidence that the travel document was not, in fact, a valid travel document issued by the government of Laos.  *Id.*  Accordingly, the Court denied petitioner's request to exclude evidence of the travel document and found that respondents had established a significant likelihood that the government would be able to remove petitioner to Laos in the reasonably foreseeable future.  *Id.* at 5.

Petitioner now moves for a stay of the March 3, 2026, order pending appeal.  The Court may stay an order pending appeal if the moving party makes a "threshold showing that irreparable harm is probable absent a stay," and shows either "(a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor."  *Leiva-Perez v. Holder*, 640 F.3d 962, 970–71 (9th Cir. 2011); *see also Nken v. Holder*, 556 U.S. 418 (2009).

Petitioner has not shown a likelihood of success or a substantial case on the merits.  Petitioner again argues that the evidence of his travel document may be excluded "when the agency violates a regulation promulgated for the benefit of [the petitioner] and that violation prejudices the petitioner's protected interests."  *Sanchez v. Sessions*, 904 F.3d 643, 649 (9th Cir. 2018) (citing *Chuyon Yon Hong v. Mukasey*, 518 F.3d 1030, 1035 (9th Cir. 2008)).  But petitioner does not show any violation by ICE of such a regulation.[1]  Nor did petitioner show any other

---

[1] In a previous filing, petitioner cited to the regulation at 8 C.F.R. § 241.4(g)(2).  *See* Doc. 25 at 5.  That regulation states: "The district director shall continue to undertake appropriate steps to secure travel documents for the alien both before and after the expiration of the removal period."  8 C.F.R. § 241.4(g)(2).  But while § 241.4 generally outlines the circumstances under which ICE

basis to exclude the valid travel document from consideration.[2]

As the Court finds that petitioner has not shown that he has a substantial case on the merits, the Court need not address the other stay factors. Petitioner's motion for a stay pending appeal is DENIED.

IT IS SO ORDERED.

Dated:    March 8, 2026                    _____
                                           UNITED STATES DISTRICT JUDGE

---

may detain a noncitizen after the noncitizen has been ordered removed, and it requires that ICE seek to obtain a travel document for the individual, it does not purport to set out requirements governing federal authorities' interactions with a foreign government to obtain the travel document.

[2] Petitioner noted in his prior briefing that courts may also exclude evidence when an "agency egregiously violates a petitioner's Fourth Amendment rights," but his briefing contained no explanation of how his Fourth Amendment rights might have been violated. To the extent the motion to stay also suggests that petitioner is relying on the Fourth Amendment, the motion similarly contains no explanation of how petitioner's Fourth Amendment rights might have been violated. *See* Doc. 27. While petitioner cites *Lanuza v. Love*, 899 F.3d 1019 (9th Cir. 2018), for the proposition that "intentionally submitt[ing] a forged document in an immigration proceeding" is a due process violation, petitioner's claim is based on his speculative argument that the federal government must have submitted an altered letter to *the government of Laos* to obtain the otherwise valid Laos travel document. Petitioner fails to establish any basis for exclusion of his valid travel document.

3